# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIMITRIOS KASTIS, | ) 1:13cv00361 LJO DLB PC |
| Plaintiff, | ) FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION, WITHOUT PREJUDICE |
| vs. | ) |
| MARGARET MIMS, et al., | ) THIRTY DAY DEADLINE |
| Defendants. | ) |

Plaintiff Dimitrios Kastis ("Plaintiff") is an inmate at the Fresno County Jail proceeding pro se and in forma pauperis in this civil rights action. Plaintiff filed this action on March 13, 2013. He names Fresno County Sheriff Margaret Mims, District Attorney Elizabeth Egan, Deputy District Attorney Galen Rutiaga, District Attorney employee Kevin Weins, Fresno County Jail Captain Watkins, Fresno County Jail Sergeants Stephanie Gibbs and Doe (Badge # 1817), Fresno County Jail Officers Gaad, Kevin Lopez and Padilla, Fresno County Jail Lieutenant Doe (Badge # 0772), and Clovis Police Sergeant McFadden as Defendants.

A.  **SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

1

legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. Plaintiff must present factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**B.** **SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff is currently incarcerated in the Fresno County Jail, where the events at issue occurred. At the time of the incident, he was housed on the third floor, C Pod of the Annex.

Plaintiff alleges that on March 31, 2012, Defendants Gaad and Gibbs entered C Pod to conduct a cleanliness inspection. Prior to cell searches, all inmates were sent to the gym on the second floor. Plaintiff contends that Defendants Gaad, Gibbs, Lopez and Padilla were aware that Plaintiff was representing himself and that all manila envelopes in his possession contained legal paperwork.

When Plaintiff returned to his cell after the search, he noticed that one of his manila envelopes was missing. He contacted Defendant Gaad and asked him why the officers went through his legal material and seized documents. Defendant Gaad told Plaintiff that they were looking for contraband, but none was found. Plaintiff requested the return of his documents and Defendant Gaad told him that he'd see what he could do.

Plaintiff gave Defendant Gaad and the Jail almost three months to return his legal property, but he alleges that he was ignored and never received his property back. On June 20, 2012, Plaintiff filed a grievance and described the nature of the documents seized. His grievance was denied.

On October 9, 2012, Plaintiff received a copy of the State's Motion for a Continuance "based on developments arising from the content of the illegally seized paperwork." Compl. 6. Moreover, Defendant Clovis Police Sergeant McFadden, took further investigative steps as a direct result of the legal paperwork seized.

On December 13, 2012, Defendant District Attorney Rutiaga used the illegally seized documents in his oral argument before Judge Simpson.

Based on these facts, Plaintiff alleges an illegal search and seizure in violation of the Fourth Amendment. He also alleges a violation of his Fourteenth Amendment right to a fair trial.

For relief, Plaintiff requests (1) the immediate return of all documents taken by Jail staff, as well as the documents discovered by Defendant McFadden during the subsequent search of Plaintiff's computer; (2) "suppression with prejudice" of all legal documents seized in any criminal or civil proceeding; and (3) monetary damages.

## C. ANALYSIS

"In any § 1983 action, the first question is whether § 1983 is the appropriate avenue to remedy the alleged wrong." Haygood v. Younger, 769 F.2d 1350, 1353 (9th Cir.1985) (en banc). A prisoner in state custody simply may not use a section 1983 civil rights action to challenge the "fact or duration of his confinement." Preiser v. Rodriguez, 411 U.S. 475, 489, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). The prisoner must seek federal habeas corpus relief instead. Wilkinson v. Dotson, 544 U.S. 74, 78, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005) (quoting Preiser, 411 U.S. at 489).

"[W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Heck v. Humphrey, 512 U.S. 477, 487, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). Thus, a plaintiff's section 1983 action may be "barred (absent prior invalidation)-no matter the relief sought (damages or equitable relief), no matter the target of his suit (state conduct leading to conviction or internal prison proceedings)-if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson, 544 U.S. at 82.

As an initial matter, it is unclear whether Plaintiff is a pretrial detainee or an inmate serving a criminal sentence. This is a distinction without a difference, however, as Plaintiff's action is not a proper section 1983 action. Although Plaintiff doesn't specifically request invalidation of a conviction, a finding in Plaintiff's favor would necessarily impact his sentence. In other words, if the Court determined that the search violated the Fourteenth Amendment or that his trial was unfair, it would impact the validity of his criminal trial and/or conviction. Plaintiff's sole remedy is to file a petition for writ of habeas corpus.

Accordingly, this Court recommends that this action be dismissed, without prejudice.

D. **FINDINGS AND RECOMMENDATIONS**

The Court HEREBY RECOMMENDS that this action be dismissed, without prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **September 29, 2013**   /s/ *Dennis L. Beck*
UNITED STATES MAGISTRATE JUDGE